CÁRuthers, J.,
delivered the opinion of the Court.
The indictment in this case was quashed, and appeal by the Attorney General.
The charge is, that the defendant, “ in a public place, and in the presence and hearing of divers good citizens of the State, then and there being, unlawfully did utter, publish, speak and say, the following gross, scandalous, profane and blasphemous language.” The various oaths are then set forth, coming fully up to the description of profane cursing and swearing, and concludes: “To the great scandal and common nuisance of all good citizens so then and there being as aforesaid, to the manifest corruption of public morals, to the evil example of all like offenders, and against the peace and dignity of the State.”
Now,- the only question is, whether an indictable offence is here charged. We dare not permit our abhorrence of this most ungentlemanly and disgraceful habit to influence our judgments in the determination of the legal questions presented.
No matter how odious and corrupting the practice of profane cursing and swearing may be, yet the question of criminal responsibility, in the temporal courts, must still depend upon what the law is. There are many practices most corrupting and reprehensible, of which the municipal laws have taken no notice, but left them to the curative powers of the church, and a sound public sentiment. Whether this offence be of the latter class or not, is the point now to be decided.
By the act of 1741, ch. 14, Car. & Nich., 349, any person who may curse or swear before a justice *136 of tbe peace, or, upon proof made of doing .so elsewhere, is made liable to a fine of 31J cents for each oath; or, if he be a public officer, 62£ cents; or, if in presence of any Court of record, $1.25, or be sentenced to set in the stocks not exceeding three hours. These penalties must be enforced within ten days from the commission of the offence. In England, several similar statutes have been past, the last of which, superseding . and repealing all others, was that of 19 Geo. 2, ch. 21, by which laborers, sailors and soldiers were to forfeit one shilling; all others under the degree of gentlemen, two shillings; and every gentleman, or person of rank, Jive shillings, for each oath, to the poor of the parish. — 4 Bl. Com., 60. Under these acts, each oath or curse is a distinct and complete offence.
The punishments prescribed in these statutes are clearly intended to apply to single acts, and to the offence of cursing and swearing, in and of itself, unconnected with the public, or the effect upon others. The forfeiture seems to be for the individual wickedness of the act, without any reference to the annoyance to others, and the injury to society.
This offence, then, in itself, is not indictable; it can only be punished as prescribed by the statutes, to which reference has been. made.
In American Criminal Law, by Wharton, 3d edition, page 75, it is laid down that whatever is productive of a disturbance of the public peace, or of a “ nuisance or scandal of the community,” is indictable as a misdemeanor. Many offences, he states, which are in England only indictable by statute, or exclusively *137 cognizable in the ecclesiastical courts, are indictable here as common-law offences.
We are not aware that the question now under consideration has ever before come before this Court. It may be that it has been the general professional opinion, that the offence was only punishable under the act of 1841 ; and that is certainly correct, as to the isolated act of profanity, as before stated. But as early as 1809, the question now presented came up in our mother State, North Carolina, in the case of The State vs. Kirby, 1 Murphy, 254, in which it was decided that, “ Wherever the bill charges the swearing as a nuisance, and there is evidence to satisfy the jury that it has produced this effect, we can discover no reason why the offence should not be indictable.” . In that case, the charge in the indictment was, “ That the defendant swore several oaths in the court yard, during the sitting of the Court, to the great disturbance and common nuisance of the citizens necessarily attending said Court.”
Again, in 1827, in the case of The State vs. Ellar, 1 Dev., 267, the question again arose in that State, and was decided as before. The charge in that case was, that the defendant being an evil disposed person, “ Did, in the public street of Jefferson, profanely curse and swear, and take the name of God in vain, to the evil example, &c., and to the common nuisance of the good citizens of the State,” &c. Motion in arrest of judgment was sustained by Judge Strange, and appeal by the Attorney General. The judgment was reversed, Chief Justice Taylor giving the opinion of the Court, as follows: “ It was held in the case of *138 The State vs. Waller, 3 Murphy, 229, that if tbe of-fence with which the defendant there stood charged had been laid as a common nuisance, and the jury had so found it, the judgment would have been supported. Drunkenness and profane swearing are placed upon the same footing by the act of 1741, and where committed in single acts, may be ' punished summarily by a justice of the peace; but where the acts are repeated, and so public as to become an annoyance, and an inconvenience to the citizens at large, no reason is pereeived why they are not indictable as com-’ mon nuisances. Several offences are stated in the books as so indictable, though not more troublesome to the public than the one before us. A common scold is indictable as a common nuisance; and with equal, if not stronger reason, I should think, a common profane swearer may be so considered.”
To utter loud cries and exclamations in the public streets, to the great disturbance of the citizens, constitutes a nuisance, if alleged and proved to be to the great damage and common nuisance of all the citizens. — 6 Cushing, 80.
Until changed by recent statutes—(1842, ch. 94, and 1844, ch. 98,)—a single act of notorious or public drunkenness was indictable as an offence against good morals.—Smith vs. The State, 1 Humph., 396-9. Sobriety in public, as laid down by Blackstone in his Commentary, is a duty every man owes to the community, and the violation of which is indictable. Not so as to private acts of drunkenness—that is only hurtful to himself, and not his neighbors.
The principle pervading all our laws, in relation to *139 tbe description of offences under consideration, is, that, with the private views of citizens, the community, as such, will not concern itself, but leave them to the lash of conscience and the frowns of neighbors; but when their vicious acts are public, they will be dealt with as crimes, because of their tendency to disturb and annoy others, and exert a baneful influence upon the morals arn^ habits of the community. Generally, any practices tending to disturb the peace and quiet of communities, or corrupt; the morals of the people, are indictable as public offences by the common-law. Under these general principles, the cases of lewdness of Grisham vs. The State, 2 Yerg., 589, and Bell vs. The State, 1 Swan, 42, were held to be indictable.
No one can doubt the- corrupting influence of profane cursing and swearing in public, upon the youth of the country. It is in violation of the second commandment, and the general Injunctions and precepts of religion; it generates a contempt for .holy things, tends to the corruption of morals, and the debasement of humanity. In all this the public have a deep interest, and may well enforce penalties -to avert such consequences.
We, therefore, adopt the principle of the North Carolina cases as the law here, by which the words charged in the indictment before us constitute an indictable offence, if the proof shall sustain the charge that they became a nuisance, as before explained, and it is difficult to conceive how profane cursing and swearing in public could fall short of what the law denominates a nuisance.
The judgment of the Circuit Court is reversed, and the case -remanded for trial.